Mr. Burton Elliott, Director Arkansas Department of Education #4 Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Elliott:
This is in response to your request for an opinion regarding A.C.A. § 6-20-601(3), which defines an "isolated school district." Specifically, your question is as follows:
 Under A.C.A. § 6-20-601(3), if a geographic barrier separates a school district "X" from itself (meaning part of the school district is on one side of the barrier and part of the district is on the other side of the barrier), but the geographic barrier does not separate district" X" from other schools, does district "X" qualify as having met the criteria described in Section 3 of the law?
It is my opinion, although the language of the statute is not clear in this regard, that the answer to your question is "no."
The statute in question, A.C.A. § 6-20-601, defines an "isolated school district" as being one which meets four of the five following criteria:
 (1) There is a distance of twelve (12) miles or more by hard-surfaced highway from the high school of the district to the nearest adjacent high school in an adjoining district;
 (2) a density ratio of transported students which is less than three (3) students per square mile of area.
 (3) Geographic barriers such as lakes, rivers, and mountain ranges which impede travel to schools that otherwise would be appropriate for consolidation, cooperative programs, and shared services;
 (4) Total area of one hundred (100) square miles or greater;
 (5) Less than fifty percent (50%) of bus route miles on hard-surfaced roads. [Emphasis added.]
Your question refers to the third criteria set out above concerning "geographic barriers." It is my opinion that this criteria was intended to encompass those school districts separated from other school districts by geographic barriers, not from other parts of itself. The language of Section 3 above refers to barriers which would "impede travel to schools that otherwise would be appropriate for consolidation, cooperative programs, and shared services." It is my opinion that this language refers to consolidation, cooperative programs and shared services which occur between different school districts. Thus, districts which are separated by geographic barriers from other districts meet the criteria. If, however, a particular district is itself divided by barriers, there would appear to be no additional impediment in travel precluding consolidation, cooperative programs and shared services. An impediment to travel exists within the district itself, and will continue to exist unless the district is redrawn. It does not appear, however, as long as the district is not separated from other districts by such barrier, that any impediment to consolidation would exist, which, in my opinion, is the intent of including this criteria in the statute.
Additionally, the district you describe would not appear to be "isolated" from other districts as that term is commonly defined. The term "isolate" has been defined as "to set apart fromothers." Webster's Seventh New Collegiate Dictionary (1972) at 450. (Emphasis added.) The common usage of the term thus implies a district which is separated from others, and not merely internally divided.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh